UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAFA MAKHULUF MAKHLOUF,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY<br>CORRECTIONAL CENTER,<br><br>Respondents. | Case No.  1:26-cv-03455  (VC)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 1, 2 |

Petitioner Mustafa Makhuluf Makhlouf was arrested by U.S. Immigration and Customs Enforcement ("ICE") sometime in February 2026. He filed this petition arguing that his current detention, and Respondents refusal to provide him with a bond hearing, violates 8 U.S.C. § 1226(a) of the Immigration and Nationality Act ("INA") and his due process rights. *See* Dkt. 1. Respondents maintain that Petitioner's detention is lawful under both 8 U.S.C. § 1225(b)(2) and § 1226(c)(1)(E). Dkt. 7. at 1. For the following reasons, the Petition is DENIED without prejudice.

## I.  BACKGROUND

Petitioner is a native of Venezuela and entered the United States on August 29, 2024. Dkt. 1 ¶ 1. After his arrival, he submitted an application for asylum , received work authorization, and began working at a supermarket to support his family. *Id*. ¶¶ 3–6. Based on the record before the court, Petitioner has had no other interaction with immigration authorities aside from his asylum application.

On January 9, 2025, Petitioner was arrested in Orlando, Florida for robbery (F.S.S 812.13(2)(C)), burglary of occupied conveyance (F.S.S 810.02(1)(B)(1)-1), battery (F.S.S.

784.03-7), and petit theft (F.S.S. 812.014(2)(F)-1). Dkt. 7-1 at 3. Both parties seem to agree that Petitioner was charged with these offenses, however, it is unclear from the record before the Court whether these charges have been dropped or are currently pending. *See* Dkt. 1, Makhlouf Decl. ¶ 55 ("I later learned that a criminal case had been opened against me"); Dkt. 7 at 2 (noting that Petitioner had been charged, but that no formal charging document or notice of declination to prosecute could be identified). In any event, Petitioner maintains that these charges were based on false accusations made by a disgruntled former business associate. *See* Dkt. 1 ¶ 10. Following 33 days in county jail, Petitioner was released to DHS custody and transferred to a detention facility in Miami, and then to the California City Detention Center where he remains detained. Dkt. 1, Makhlouf Decl. ¶¶ 66–7.

On May 5, 2026, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus ("Petition") seeking either his immediate release or a bond hearing before an immigration judge, and a motion for a temporary restraining order ("TRO") requesting that Respondents be enjoined from transferring him out of the California City Correctional Center. Dkt. 1, 2. The Court set a briefing schedule on the Petition, ordered that counsel be appointed for Petitioner, and ordered that Respondents refrain from transferring Petitioner, thus rendering Petitioner's TRO moot. Dkt. 4. Respondents filed an opposition to the Petition on May 7, 2026, and counsel for Petitioner was appointed on May 14, 2026. Dkt. 7, 8. Though the deadline to submit a reply was extended, Petitioner has not filed one. *See* Dkt. 9.

## II.    DISCUSSION

Respondents contend that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 7 at 2. In the alternative, they argue that Petitioner's detention is lawful under 8 U.S.C. § 1226(c)(1)(E), a recent amendment to 8 U.S.C. § 1226 titled the Laken Riley Act. The Court addresses each argument in turn.

This Court, as well as courts across the country, have rejected Respondents' argument that 8 U.S.C. § 1225(b)(2) applies to non-citizens like Petitioner who are arrested in the interior of the United States. *See, e.g.*, *Gutierrez v. Feret Semaia*, No. 5:26-CV-01181-HDV, 2026 WL

916773 (C.D. Cal. Mar. 27, 2026) ("The vast majority of courts across the country … have found that Section 1225(b) does not apply to individuals, like Petitioner, who were arrested in the interior of the United States after having already been present in the United States for some time."); *Lepe v. Andrews*, 2025 WL 2716910, at *5 (E.D. Cal. Sept. 23, 2025). The Court similarly rejects this argument here.

As to Respondents' second argument, "[i]n January 2025, Congress amended § 1226(c) to subject additional categories of noncitizens who have had interactions with law enforcement to mandatory detention without a bond hearing." *Montalvan Reyes v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-00441-DC-JDP (HC), 2026 WL 760264, at *3 (E.D. Cal. Mar. 18, 2026) (citing Pub. L. No. 119-1, 139 Stat. 3 (2025)). Specifically, 8 U.S.C. § 1226(c)(1)(E) makes detention mandatory for any non-citizen charged as "inadmissible" for having entered the United States without inspection under 8 U.S.C. § 1182(a)(6)(A), and who "is charged with, is arrested for, [or] is convicted of … committing acts which constitute the essential elements of any burglary, theft, [or] larceny[.]" 8 U.S.C. § 1226(c)(1)(E)(i)–(ii).

On its face then, the Laken Riley Act appears to apply to Petitioner, given that he was arrested for two of the enumerated crimes in section 1226(c)(1)(E)(iii). The Court notes, however, that to alleviate due process concerns where a non-citizen's detention is based on an arrest or charges that were dismissed "courts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes, and concluding mandatory detention is not required when charges are never filed." *Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (collecting cases); *see also*, *S.E. v. Noem*, No. 1:26-cv-00356-DAD-SCR, 2026 WL 206085 (E.D. Cal. Jan. 27, 2026); *E.C. v. Noem*, No. 2:25-CV-01789-RFB-BNW, 2025 WL 2916264, at *9–10 (D. Nev. Oct. 14, 2025). Petitioner did not specify in his Petition, nor did he file a reply indicating, that the charges against him were dropped. Given this record, the Court assumes these charges are still current and that 8 U.S.C. § 1226(c)(1)(E) applies to Petitioner, thus, mandating his detention.

## III.    CONCLUSION

Accordingly, the petition is DENIED without prejudice.


**IT IS SO ORDERED.**

Dated: May 21, 2026

VINCE CHHABRIA
United States District Judge