UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAFA MAKHULUF MAKHLOUF,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-03455 (VC)<br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 23 |

Before the Court is Petitioner Mustafa Makhuluf Makhlouf's First Amended Petition for Writ of Habeas Corpus in which he argues that his continued detention by U.S. Immigration and Customs Enforcement ("ICE") violates the Immigration and Nationality Act ("INA") and his Fifth Amendment right to due process. *See* Dkt. No. 23 ¶¶ 60–88. For the reasons that follow, the Court GRANTS the petition and orders that Petitioner be provided a prompt bond hearing.

## I. BACKGROUND

Much of background relevant to the instant amended petition was relayed in this Court's Order dismissing Petitioner's first petition for writ of habeas corpus. *See* Dkt. No. 11. In sum, Petitioner entered the United States without inspection in 2024, after which he submitted an application for asylum, received work authorization from USCIS, and began working at a supermarket to support his family. Dkt. No. 1 at 4–5.

On January 9, 2026, Petitioner was arrested in Orange County, Florida for robbery, burglary, battery, and petit theft. *Id.* at 5; Dkt. No. 7-2 at 1. As a result of the arrest, ICE determined that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E),

and arrested him on February 14, 2026. *See* Dkt. No. 7-1 at 1 (Notice of Action indicating that Petitioner is subject to mandatory detention under the Laken Riley Act). The arrest was conducted pursuant to an administrative warrant. *See id*. at 5 (warrant of arrest). Petitioner remains detained at the California City Immigration Processing Center.

In dismissing Petitioner's first petition, the Court found that he was properly subject to detention under § 1226(c)(1)(E) as the record reflected that he had been arrested for several theft related offenses at the time of filing the petition. Dkt. No. 11 at 3. However, the dismissal was without prejudice given that neither party provided details regarding the status of Petitioner's criminal case. *Id*. Following the dismissal, Petitioner confirmed that the Orange County prosecutor's office declined to press charges against Petitioner. *See* Dkt. No. 14 at 3 (Notice of "No Information" indicating that "[t]he State of Florida is not filing charges in this matter due to: Insufficient Admissible Evidence[.]"). Given these new facts, the Court granted Petitioner leave to file an Amended Petition. *See* Dkt. No. 22.

## II. DISCUSSION

Respondents have conceded that Petitioner's detention is no longer mandatory under § 1226(c)(1)(E) given that there are no criminal charges pending against him. *See* Dkt. No. 16. However, they maintain that Petitioner is still subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 24 at 1–2. As a result, Petitioner has now been detained for seven months without the opportunity to seek release from immigration detention at a bond hearing. He argues in the Amended Petition that Respondents' failure to provide him with a bond hearing is both a violation of the INA and his due process rights. *See* Dkt. No. 23 at 14–15, 29.

Respondents position that § 1225(b)(2)(A) permits Petitioner's continued detention without the opportunity for release on bond was rejected by the Ninth Circuit in *Rodriguez Vazquez v. Bostock*. There, the Ninth Circuit found that noncitizens "present without admission who are apprehended in the interior of the United States"—like Petitioner here—"are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 183 F.4th 1160, 1165 (9th Cir. 2026). As it has in the past, the Court, therefore, rejects Respondents' argument with respect to §

1225(b)(2)(A) and finds that Petitioner's detention, bond, and release are controlled by § 1226(a).

Courts have taken differing approaches when presented with the question of the appropriate remedy where an individual has been unlawfully detained under § 1225(b)(2)(A), and otherwise has not been previously detained by immigration authorities. Under circumstances where the government failed to make any showing that it abided by the procedures authorizing detention under § 1226(a), courts have granted immediate release. *See, e.g.*, *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence that Petitioner was arrested with a warrant or that an initial custody determination was made prior to detention); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7–8 (E.D. Cal. Oct. 27, 2025) (granting immediate release where Government denied that petitioner was detained under § 1226(a) and failed to present any evidence that he was lawfully detained under that statute); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public). In other instances, courts have denied release, but ordered that the petitioner be provided a prompt § 1226(a) bond hearing before an Immigration Judge. *Henry A.V.L. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-CV-03354-MWJS, 2026 WL 1391273, at *2 (E.D. Cal. May 18, 2026); *Lopez-Perez v. Johnson*, No. 1:26-CV-03083-JLT-SAB (HC), 2026 WL 1506818, at *1 (E.D. Cal. May 29, 2026); *Santana v. Marin*, No. 1:26-CV-0915-DJC-JDP, 2026 WL 746995, at *5 (E.D. Cal. Mar. 17, 2026), *report and recommendation adopted*, No. 1:26-CV-0915-DJC-JDP, 2026 WL 853376 (E.D. Cal. Mar. 27, 2026) (recommending a bond hearing where petitioner, detained pursuant to § 1226(a), had pending charges for assault after threatening his ex-wife with a gun).

Here, the proper remedy is a prompt bond hearing pursuant to § 1226(a). Petitioner's original detention was pursuant to § 1226(c)(1)(E), which provides for mandatory detention and

does not allow for release on bond. *See* 8 U.S.C. § 1226(c)(1)(E) ("The Attorney General *shall* take into custody any alien who … is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and [] is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny…"). Now that the detention authority has shifted to § 1226(a), under which detention is discretionary, Petitioner is entitled to the procedures and protections provided by that statute. *See Godinez v. Mullin*, No. 26-CV-4090-GPC-SBC, 2026 WL 2161339, at *2 (S.D. Cal. July 27, 2026) (ordering bond hearing where Petitioner was properly subject to detention under § 1226(a), but erroneously denied bond hearing under § 1226(c)(1)(E)).

## III. CONCLUSION AND ORDER

Accordingly, the Amended Petition for Writ of Habeas Corpus, Dkt. No. 23, is GRANTED in part. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later on Petitioner's request. Respondents are ordered to file a status report, within five days of the bond hearing, confirming that the hearing occurred and attaching or describing the immigration judge's order.

**IT IS SO ORDERED.**

Dated: September 16, 2026

VINCE CHHABRIA
United States District Judge